# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MARIA HILL, ADC #709606                                                                              PLAINTIFF

v.                                              4:14CV00187-BSM-JJV

ARKANSAS, STATE OF; *et al*.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is

1

granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Maria Hill, a state inmate confined at the McPherson Unit of the Arkansas Department of Correction, filed this *pro se* action, alleging denial of adequate medical care and treatment. On April 21, 2014, the Court provided her the opportunity to submit an Amended Complaint within thirty days, noting that she cannot proceed against either of the Defendants in a § 1983 action. (Doc. No. 4.) Plaintiff has not responded.

Therefore, having reviewed the Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

## I. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised

claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II.   FACTS AND ANALYSIS

As noted in the April 21, 2014, Order, to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some constitutional right. *Griffin-El v. MCI Telecommunications Corp., et al.*, 835 F.Supp. 1114, 1118 (E.D. MO 1993). The Eleventh Amendment bars suits filed against a State by citizens of that same State in federal court, and therefore, the State of Arkansas is immune from liability. *Williams v. Missouri*[2], 973 F.2d 599 (8th Cir. 1992).

*See also* ARK. CONST. art. 5 § 20 and ARK. CODE ANN. § 16-123-104 (Michie Supp. 1999-2000). Furthermore, the Washington County Detention Center (Jail) is not considered a "person" within the meaning of 42 U.S.C. §1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis,* 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

In light of Plaintiff's failure to file an Amended Complaint against an individual or entity suable under § 1983, the Court finds this action should be dismissed, for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

faith.

    DATED this 22nd day of May, 2014.

                                                                    _____  
                                                                    JOE J. VOLPE  
                                                                    UNITED STATES MAGISTRATE JUDGE